# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Teresa Sivil, | Case No.: 2:20-cv-00244-JAD-EJY |
| Plaintiff | |
| v. | **Order Granting in Part and Denying in Part Motion for Summary Judgment** |
| Country Mutual Insurance Company, | [ECF No. 34] |
| Defendant | |

When Teresa Sivil purchased her Eagle River, Alaska, home in 2014, she entered into an insurance agreement with Country Mutual Insurance Company through its Alaska broker, Melissa Izzat Insurance Agency, LLC (MIIA). That policy covered the peril of sudden and accidental water damage. When Sivil moved to Nevada three years later, she contacted an MIIA representative to remove personal-property coverage from the home policy. Allegedly without Sivil's knowledge or consent, the representative also removed coverage for sudden and accidental water damage. When a pipe broke at Sivil's Alaska home the following winter, she submitted the claim to Country Mutual, who quickly denied it, citing the modification of the policy to remove coverage for water damage. Sivil sues Country Mutual for breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of Nevada's unfair-claims-settlement-practices statute.

Country Mutual now moves for summary judgment on all claims, arguing that it did not breach the contractual obligations it had under the modified policy; any bad-faith actions that MIIA took should not be imputed to the insurer; and Alaska law governs Sivil's claims, so Country Mutual cannot be held liable under a Nevada statute. Because I find that Country Mutual did not breach the parties' agreement, I grant the insurer summary judgment on that

claim. I also find that Alaska law controls Sivil's claims, so the Nevada statute on which Sivil relies is inapplicable. But because Alaska has an equivalent unfair-claims-settlement-practices statute, I deny summary judgment on the claim, direct Sivil to amend her complaint a second time to reflect the application of Alaska law, and I give the insurer leave to file a renewed motion for partial summary judgment on the merits of that claim. Finally, because there exist material factual disputes about whether the relationship between Country Mutual and MIIA amounts to agency, I also deny summary judgment on Sivil's implied-covenant claim.

## Discussion

### I.   Summary-judgment standard

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[1] "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."[2] A fact is material if it could affect the outcome of the case.[3]

On summary judgment, the court must view all facts and draw all inferences in the light most favorable to the nonmoving party.[4] So the parties' burdens on an issue at trial are critical. When the party moving for summary judgment would bear the burden of proof, "it must come forward with evidence [that] would entitle it to a directed verdict if the evidence went

---

[1] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). The court's ability to grant summary judgment on certain issues or elements is inherent in Federal Rule of Civil Procedure (FRCP) 56. *See* Fed. R. Civ. P. 56(a).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[3] *Id.* at 249.

[4] *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

2

uncontroverted at trial."[5]  If it does, the burden shifts to the nonmoving party, who "must present significant probative evidence tending to support its claim or defense."[6]  But when the moving party does not bear the burden of proof on the dispositive issue at trial, it is not required to produce evidence to negate the opponent's claim—its burden is merely to point out the evidence showing the absence of a genuine material factual issue.[7]  The movant need only defeat one element of a claim to garner summary judgment on it because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[8]

## II. Country Mutual is entitled to summary judgment on Sivil's breach-of-contract claim only.

### A. Alaska law controls Sivil's claims.

#### 1. *Choice-of-law standards*

"A federal court sitting in diversity ordinarily must follow the choice-of-law rules of the state in which it sits."[9]  Under the rule of *dépeçage*, courts determine which state's laws apply to each claim or issue in a case, rather than making a blanket decision to cover all claims.[10]  Because the Nevada Supreme Court has not addressed whether *dépeçage* should be adopted in

---

[5] *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

[6] *Id.*

[7] *Celotex*, 477 U.S. at 323.

[8] *Id.* at 322.

[9] *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 65 (2013) (cleaned up); *accord Narayan v. EGL, Inc.*, 616 F.3d 895, 898 (9th Cir. 2010).

[10] *Dépeçage*, Black's Law Dictionary (11th ed. 2019) ("A court's application of different state laws to different issues in a legal dispute; choice of law on an issue-by-issue basis.").

this state, I must predict whether it would adopt it if this case were before that court.[11] I find that it would. Although the Nevada Supreme Court's decision in *Northwest Pipe Company v. Eighth Judicial District Court* didn't mention the rule or indicate that the Court was applying it, the Court effectively used it by applying Nevada law to Nevada plaintiffs and California law to California plaintiffs in that wrongful-death suit.[12] In addition, Nevada courts often follow the lead of California courts, and because California applies *dépeçage*,[13] I find it likely that the Nevada Supreme Court would adopt it if given the opportunity.

Nevada courts follow the substantial-relationship test for contractual claims.[14] "Under this test, the state whose law is applied must have a substantial relationship with the transaction[,] and the transaction must not violate a strong public policy of Nevada."[15] Courts consider five factors, assessed at the time of contracting, to determine which state enjoys a substantial relationship to the claim: (1) "the place of contracting"; (2) "the place of negotiation of the contract"; (3) "the place of performance"; (4) "the location of the subject matter of the

---

[11] *Lewis v. Tel. Emps. Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996).

[12] *Nw. Pipe Co. v. Eighth Jud. Dist. Ct. ex rel. Cnty. of Clark*, 42 P.3d 244, 245–46, 248 (Nev. 2002) (Agosti, J., dissenting) ("[B]ecause two justices dissent to Nevada law being applied to the California plaintiffs' causes of action, and because I and the justice who concurs with me join them in this conclusion, we comprise a majority and California law will be applied to those causes of action. Thus, California law will apply to some but not all the plaintiffs in this action."). Similarly, another judge in this district conducted a choice-of-law analysis for the extracontractual claims in a breach-of-insurance-contract case even though the plaintiffs had conceded that Colorado law, and not Nevada law, applied to the contractual claim. *See Vignola v. Gilman*, 854 F. Supp. 2d 883, 886–89 (D. Nev. 2012) (Pro, J.).

[13] *See Wash. Mut. Bank, FA v. Superior Ct.*, 15 P.3d 1071, 1081 (Cal. 2001) ("[A] separate conflict[-]of[-]law[] inquiry must be made with respect to each issue in the case.").

[14] *Williams v. United Servs. Auto. Ass'n*, 849 P.2d 265, 266 (Nev. 1993) (citing *Sievers v. Diversified Mtg. Investors*, 603 P.2d 270, 273 (Nev. 1979)).

[15] *Id.*

contract"; and (5) "the domicile, residence, nationality, place of incorporation[,] and place of business of the parties."[16]

By contrast, the most-significant-relationship test, as delineated in the Second Restatement of Conflict of Laws, governs the choice of law for tort claims in Nevada.[17] Courts generally consider the states' policies, the parties' expectations, and how easily the states' laws could be applied.[18] The state with the most significant relationship is determined by looking to (1) "the place where the injury occurred"; (2) "the place where the conduct causing the injury occurred"; (3) the domicil[e], residence, nationality, place of incorporation[,] and place of business of the parties"; and (4) "the place where the relationship, if any, between the parties is centered."[19]

### 2. *The substantial-relationship and most-significant-relationship tests support applying Alaska law to Sivil's claims.*

Sivil brings one claim sounding in contract and two in tort.[20] Sivil's claim for breach of contract arises out of her contractual relationship with the insurer, which began in 2014 when she

---

[16] *Williams v. United Servs. Auto. Ass'n*, 849 P.2d 265, 266 (Nev. 1993) (quoting *Sotirakis v. U.S.A.A.*, 787 P.2d 788, 790 (1990)).

[17] *Gen. Motors Corp. v. Eighth Jud. Dist. Ct. ex rel. Cnty. of Clark*, 134 P.3d 111, 116 (Nev. 2006).

[18] Restatement (Second) of Conflict of Laws § 6 (Am. Law Inst. 1971).

[19] *Id.* at § 145.

[20] *See* ECF No. 25 (amended complaint) (identifying Sivil's causes of action as breach of contract, breach of the implied covenant of good faith and fair dealing, unfair-claims-settlement-practices, and declaratory relief). Sivil's complaint describes her implied-covenant claim as "[c]ontractual and/or [t]ortious" *Id.* at 5–6. But in the insurance context, in which there exists a special and fiduciary relationship between the insurer and insured, the Alaska Supreme Court has held that breach of the implied covenant is a tort claim. *State Farm Fire & Cas. Co. v. Nicholson*, 777 P.2d 1152, 1156 (Alaska 1989); *see O.K. Lumber Co. v. Providence Wash. Ins. Co.*, 759 P.2d 523, 525 (Alaska 1988). So I construe Sivil's single claim for both contractual and tortious breach as one for tortious breach only. But declaratory relief is only appropriate when it "will serve a useful purpose in clarifying and settling legal relations" or "will terminate and

5

purchased from Country Mutual the initial policy to insure her home.[21] The parties negotiated and signed that contract in Alaska, at a time when both were domiciled in that state.[22] The contract's subject matter was Sivil's Alaska home, and the premiums and any insurance claims made to the policy insuring the home would be paid in Alaska.[23]

Sivil argues that I should analyze these factors as they stood when the parties modified their contract in 2017, after she moved to Nevada.[24] But the result is the same. The parties negotiated and signed that modification while Country Mutual was domiciled in Alaska and Sivil in Nevada.[25] The place of performance was similarly split, as Sivil paid her premiums from Nevada and all of Country Mutual's obligations to the home were in Alaska.[26] The only factor that isn't in equipoise is the location of the contract's subject matter, which remained Sivil's Alaska home.[27] So the balance of the substantial-relationship-test factors, either overwhelmingly or slightly, tips in favor of Alaska law governing Sivil's contractual claim.

---

afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding." *Brunette v. Humane Soc'y of Ventura Cnty.*, 40 F. App'x 594, 598 (9th Cir. 2002) (citing *Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984)); *accord Jefferson v. Asplund*, 458 P.2d 995, 998 (Alaska 1969) ("[D]eclaratory relief may be withheld when the grant of such relief would not terminate the controversy or the uncertainty [that] gave rise to the . . . proceeding."*)*. So because Sivil's "request serve[s] no purpose beyond the remedies [she seeks] on her claims at law," *id.*, and it lacks any additional factual support, I do not construe it as a true claim for relief but rather as a requested remedy.

[21] ECF No. 47 at 3; ECF No. 25 at ¶ 6.
[22] ECF No. 47 at 3; ECF No. 25 at ¶ 6.
[23] ECF No. 47 at 3; ECF No. 25 at ¶ 6–7.
[24] ECF No. 40-1 at 9, 21–22.
[25] *Id.*
[26] *Id.*
[27] ECF No. 47 at 3; ECF No. 25 at ¶ 6.

Sivil's tort claims are similarly governed by Alaska law. Country Mutual's alleged unfair-claims-settlement practices and bad-faith negotiations originated in Alaska but injured Sivil financially in Nevada.[28] And, as above, the insurer and Sivil were domiciled in Alaska and Nevada, respectively. The deciding factor, then, is the state in which the parties' relationship was centered. Given that Country Mutual and Sivil's relationship as to these claims extended only to the insurance policy on her Alaska home, this factor weighs in favor of Alaska law controlling Sivil's tort claims because Alaska has the most significant relationship to them.

**B.    Sivil's breach-of-contract claim fails.**

To succeed on a breach-of-contract claim in Alaska, a plaintiff must establish that the defendant had a "contractual obligation," the defendant "breached this contract," and the plaintiff "suffered damages" as a result.[29] In her complaint, Sivil alleges that Country Mutual breached the insuring agreement by not fully and faithfully explaining to her the effect of the 2017 modification on the policy and that she was damaged as a result.[30] But she does not identify a contractual provision that requires the insurer to so explain its coverages and limitations to her, and indeed there appears to be none in the agreement.[31]

Country Mutual moves for summary judgment, arguing that it could not have breached the parties' agreement because, as modified, it did not provide coverage for sudden water damage, which is a clear reason to deny coverage for the loss.[32] Sivil doesn't contest that

---

[28] ECF No. 25 at ¶¶ 21–33.
[29] *Great W. Sav. Bank v. George W. Easley Co., J.V.*, 778 P.2d 569, 577 (Alaska 1989).
[30] ECF No. 25 at ¶¶ 13–20.
[31] *See* ECF No. 47-11.
[32] ECF No. 47 at 7.

argument,[33] instead focusing her response on whether Country Mutual has an agency relationship with its Alaska broker.[34] But an agency relationship would not save this claim. It is undisputed that the contract did not include provisions mandating Country Mutual to explain every portion of Sivil's policy to her or to "procure the necessary coverages requested" by her, as she alleges in the complaint.[35] The insurer thus did not have a contractual obligation it could have breached, so I grant summary judgment in Country Mutual's favor on Sivil's breach-of-contract claim.

### C.  Because the Alaska code contains an unfair-claims-settlement statute materially identical to Nevada's, Sivil's claim survives summary judgment.

Sivil pled her unfair-claims-settlement-practices claim under Nevada Revised Statute (NRS) 686A.310, seeking to hold the insurer liable for allegedly misrepresenting facts about the policy, among other things.[36] Country Mutual moves for summary judgment on the grounds that a Nevada statute imposing liability on insurers cannot apply in this case because Alaska law controls Sivil's claims.[37] Sivil responds by identifying numerous material factual disputes about the claim[38]—disputes the insurer does not deny.[39]

But factual disputes cannot save a claim that lacks a valid legal basis, and Country Mutual correctly notes that Nevada statutes are inapplicable to a case governed by another state's law, so Sivil's claim cannot proceed under NRS 686A.310. Alaska, however, has adopted a

---

[33] Nor did she need to; Sivil does not allege that Country Mutual's denial of coverage for the loss breached the contract.

[34] *See generally* ECF No. 40-1 at 8–22.

[35] ECF No. 25 at ¶ 17.

[36] *Id.* at ¶¶ 27–33 (citing Nev. Rev. Stat. § 686A.310).

[37] ECF No. 47 at 15–17.

[38] ECF No. 40-1 at 27–29.

[39] ECF No. 45 at 11.

materially indistinguishable statute barring insurance companies from the same unfair-claims-settlement practices that the Nevada statute prohibits.[40] The Ninth Circuit has held that, even at the summary-judgment stage, the complaint's mere "omission of a citation" to a statutory right does not "preclude[]" a plaintiff "from advancing legal arguments based on that statute."[41] This is especially true when the defendant "offer[s] no rebuttal" to the "suggestion that genuine issues of material fact existed" as to the claim.[42]

Alaska is a notice-pleading state,[43] and "[n]otice pleading requires the plaintiff to set forth in his complaint *claims for relief*, not causes of action, statutes[,] or legal theories."[44] Sivil's complaint and subsequent filings gave Country Mutual fair notice of her unfair-claims-settlement-practices claim; her loss on the choice-of-law analysis thus cannot be the sole basis to doom her potentially meritorious unfair-claims-settlement-practices claim. I thus deny summary judgment to the insurer, direct Sivil to amend her complaint to reflect the Alaska unfair-claims-settlement-practices statute, and give the insurer leave to file a renewed motion for partial summary judgment on the merits of that claim.

### D. Material factual disputes preclude summary judgment on Sivil's implied-covenant claim.

"The fiduciary relationship inherent in every insurance contract gives rise to an implied covenant of good faith and fair dealing" that runs from the insurer to the insured.[45] An insured

---

[40] *Compare* Alaska Stat. § 21.36.125 *with* Nev. Rev. Stat. § 686A.310.

[41] *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008).

[42] *Id.*

[43] *Sykes v. Melba Creek Mining, Inc.*, 952 P.2d 1164, 1168 n.4 (Alaska 1998) (citation omitted).

[44] *Alvarez*, 518 F.3d at 1157 (citation omitted).

[45] *O.K. Lumber Co.*, 759 P.2d at 525 (citing *Alyeska Pipeline Serv. Co. v. H.C. Price Co.*, 694 P.2d 782, 788 (Alaska 1985); *Guin v. Ha*, 591 P.2d 1281, 1291 (Alaska 1979)).

"may sue for damages caused by the insurer's breach of its duty."[46] A claim for breach can be sustained under either a subjective or an objective bad-faith standard.[47] The former is met when the insurer acts with a "subjectively improper motive," or with the "purpose of depriving . . . her of one of the benefits of the contract."[48] And an objective breach occurs if the insurer "does not 'act in a manner [that] a reasonable person would regard as fair.'"[49]

Sivil's breach-of-the-implied-covenant claim sets out myriad theories for relief,[50] the vast majority of which are without merit and lack factual support. But the parties genuinely dispute the facts underlying one of them: Sivil's claim that the insurer "[u]nreasonably misrepresent[ed] to [her] pertinent facts and provisions in relation to" her insurance coverage.[51] Sivil asserts that, because MIIA is Country Mutual's agent, any actions taken by MIIA can be imputed to Country Mutual, including bad-faith misrepresentations about her policy.[52] Country Mutual argues that its relationship with MIIA does not amount to agency, and "[a]ny such misrepresentation . . . was between" Sivil and MIIA's employees.[53]

---

[46] *Id.* (citing *Continental Ins. Co. v. Bayless & Roberts, Inc.*, 608 P.2d 281 (Alaska 1980); *Guin*, 591 P.2d at 1291).

[47] *Pitka v. Interior Reg'l Hous. Auth.*, 54 P.3d 785, 789 (Alaska 2002).

[48] *Id.*; *accord Ramsey v. City of Sand Point*, 936 P.2d 126, 133 (Alaska 1997).

[49] *Id.* (quoting *Ramsey*, 936 P.2d at 133).

[50] ECF No. 25 at ¶ 23. For example, Sivil alleges that Country Mutual unreasonably contested the policy itself or unreasonably denied her coverage to which she was entitled. *Id.* But the insurer does not contest the policy, and as discussed above with regard to Sivil's breach-of-contract claim, under the contract as it existed at the time of the loss, she was not entitled to coverage.

[51] *Id.*

[52] ECF No. 40-1 at 27.

[53] ECF No. 47 at 13.

"While the questions of what constitutes agency and whether evidence is competent to show it are questions of law, the evaluation of the evidence and the decision on whether an agency relationship exists is for the factfinder."[54] The Alaska Supreme Court has adopted the Second Restatement of Agency's definition of an agency relationship—thus, such a relationship exists if, under the principal and its agent's actions and agreements, the agent has the "power to alter legal relations between the principal and third persons" and the principal has "the right to control the conduct of the agent with respect to matters entrusted to [it]."[55] If the facts about an alleged agency relationship are undisputed, the court may properly summarily adjudicate the underlying claim.[56]

But the facts here are disputed. The relationship between Country Mutual and MIIA is primarily governed by their Limited Liability Company Agent's Agreement.[57] Country Mutual maintains that the agreement precludes a finding that MIIA is its agent because, under it, MIIA is an "independent contractor," and the insurer does not "dictate or control" the broker's actions.[58] But as Alaska's High Court has recognized, "[t]here are circumstances [in which] an independent contractor may also be an agent."[59] The Court emphasized that, under the Second Restatement,

---

[54] *Foster v. Cross*, 650 P.2d 406, 408 (Alaska 1982).

[55] *Manes v. Coats*, 941 P.2d 120, 124 (Alaska 1997) (citing Restatement (Second) of Agency §§ 14, 376 (Am. Law Inst. 1958); *Szelenyi v. Morse, Payson & Noyes Ins.*, 594 A.2d 1092, 1094 (Me. 1991)).

[56] *Id.*

[57] ECF No. 40-1 at 11–21; ECF No. 45 at 6–8; ECF No. 47 at 6–11; *see* ECF No. 47-10.

[58] ECF No. 40-1 at 11–21; ECF No. 45 at 6–8; ECF No. 47 at 6–11; *see* ECF No. 47-10.

[59] *ALP Fed. Credit Union v. Ashborn*, 477 P.2d 348, 349 (Alaska 1970). The Alaska Supreme Court has more recently begun citing to provisions in the Third Restatement of Agency. *See e.g.*, *Cottini v. Berggren*, 420 P.3d 1255, 1263 & n.23 (Alaska 2018) (citing Restatement (Third) of Agency § 8.14 (Am. Law Inst. 2006)). The Third Restatement has abandoned the independent-contractor distinction entirely and generally does not consider how the parties define their own

"broker[s] . . . employed either for a single transaction or a series of transactions, *are* agents, although as to their physical activities they are independent contractors."[60]

Sivil argues that MIIA's relationship with Country Mutual is that of independent contractors in name, but—under actual-authority, apparent-authority, or ratification theories—agents in effect.[61] MIIA is Country Mutual's only Alaska broker and "exclusively" brokers policies for that insurer alone.[62] MIIA's employees use Country Mutual email addresses and are trained by Country Mutual, and every insurance policy brokered by them is subject to Country Mutual's approval and acceptance.[63] But Country Mutual's underwriters instructed the MIIA representative working on Sivil's policy to speak with her MIIA supervisor about how to explain coverage differences to Sivil.[64] And the agreement between the insurer and broker, at the very least, attempts to disclaim any agency relationship.[65] Because these matters leave a genuine dispute of material fact as to whether MIIA is Country Mutual's agent, I deny the insurer summary judgment on Sivil's common-law bad-faith claim—for which Country Mutual may be held liable if a jury finds that an agency relationship exists.

## Conclusion

IT IS THEREFORE ORDERED that defendant Country Mutual's motion for summary judgment **[ECF No. 29] is GRANTED in part and DENIED in part**:

---

relationship. *See U.S. v. Bonds*, 608 F.3d 495, 504 (9th Cir. 2010) (citing Restatement (Third) Agency § 1.01 cmt. c)); *see also* Restatement (Third) Agency § 1.02.

[60] *Id.* (emphasis added) (citing Restatement (Second) of Agency § 1(3) cmt. e).

[61] ECF No. 40-1 at 8–21.

[62] ECF No. 40-2 at 70–72, 86–88, 126–28.

[63] *Id.* at 68; *see, e.g.*, *id.* at 63.

[64] ECF No. 47 at 10.

[65] ECF No. 45 at 6–8; ECF No. 47 at 6–11; *see* ECF No. 47-10.

- Summary judgment is GRANTED against plaintiff Teresa Sivil and for Country Mutual on Sivil's breach-of-contract claim;

- Summary judgment is DENIED on Sivil's claim for tortious breach of the implied covenant of good faith and fair dealing; and

- Summary judgment is DENIED on Sivil's claim under Nevada's unfair-claims-settlement-practices statute. Sivil is DIRECTED to amend her complaint within 10 days to reflect the Alaska unfair-claims-settlement-practices statute. Failure to do so by the deadline will constitute Sivil's consent to the abandonment of that claim. Country Mutual is granted leave to renew its motion for summary judgment on this claim within 30 days of Sivil's filing of her second-amended complaint.

    o If Sivil does not file an amended complaint, this case proceeds to trial on her claim for tortious breach of the implied covenant of good faith and fair dealing only, and the parties must file their proposed joint pretrial order by **September 2, 2022**.

    o If Sivil amends her complaint and no summary-judgment motion is filed, the proposed joint pretrial order is due by **September 12, 2022**.

    o If Sivil amends and Country Mutual files a motion for summary judgment, the parties' obligation to file a joint pretrial order is tolled until 10 days after the court's ruling on that motion.

_____
U.S. District Judge Jennifer A. Dorsey
August 4, 2022

13