UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Teresa Sivil, | Case No.: 2:20-cv-00244-JAD-EJY |
| Plaintiff | |
| v. | **Order Denying Motion to Dismiss** |
| Country Mutual Insurance Company, | [ECF No. 59] |
| Defendant | |

When Teresa Sivil purchased her Alaska home in 2014, she entered into an insurance agreement with Country Mutual Insurance Company through its Alaska broker, the Melissa Izzat Insurance Agency, LLC (MIIA).[1] Sivil moved to Nevada three years later and contacted MIIA to remove personal-property coverage from the home policy.[2] Allegedly without Sivil's knowledge or consent, MIIA's representative Tiffanie Cosper also removed coverage for sudden and accidental water damage.[3] When a pipe broke at Sivil's Alaska home the following winter, she submitted a claim to Country Mutual, which quickly denied it, citing the modification of the policy,[4] so Sivil sued both Country Mutual and Cosper. I dismissed the claims against Cosper for lack of personal jurisdiction[5] and granted summary judgment for Country Mutual on most of Sivil's claims.[6] But one claim remains: Sivil's claim for bad faith against Country Mutual,

---

[1] ECF No. 49 at ¶ 6.
[2] *Id.* at ¶ 10.
[3] ECF No. 64 at 4.
[4] ECF No. 29 at ¶¶ 15–16.
[5] ECF No. 24.
[6] ECF No. 48.

which is based on the premise that Cosper's alleged bad-faith misrepresentations about the policy can be attributed to Country Mutual under an agency theory.[7]

With Cosper out of the case and the sole-remaining claim focused on her conduct, Country Mutual moves to dismiss this case for want of an indispensable party under Federal Rule of Civil Procedure 19.[8] The insurer argues that Cosper is indispensable because, without her presence in this case, it is left "without the ability to compel [her] to appear at trial," "without the ability to proceed against" her in this case, and "with a substantial risk of inconsistent verdicts" if it has to pursue Cosper in another jurisdiction.[9] But the authority that Country Mutual relies on does not support its position, and I do not otherwise find that Cosper is necessary under Rule 19, so I deny the motion.

## Discussion

**I.  A case must be dismissed if a necessary party cannot be joined and dismissal is more equitable than proceeding without the absent party.**

Determining whether to dismiss for failure to join an indispensable party under Rule 19 is "a three-part inquiry."[10] First, the court "examines whether the absent party must be joined" under Rule 19(a)(1).[11] A party is necessary if either one of two prongs is satisfied: (A) "in that party's absence, the court cannot accord complete relief among existing parties" or (B) "that party claims an interest relating to the subject of the action and disposing of the action in [her]

---

[7] *Id.* at 9–13.
[8] ECF No. 59 at 1.
[9] *Id.* at 4.
[10] *Klamath Irrigation Dist. v. United States Bureau of Reclamation*, 48 F.4th 934, 943 (9th Cir. 2022) (quoting Fed. R. Civ. Pro. 19).
[11] *Id.*

2

absence may" either (i) "impair or impede the [party's] ability to protect the interest" or (ii) "leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."[12]  Second, a court "determine[s] whether joinder . . . is feasible."[13]  And, third, "if joinder is infeasible," the court must "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."[14]  A party requesting dismissal for want of an indispensable party bears the burden[15] and may make the motion "at any stage in the proceeding."[16]

## II. Country Mutual fails to show that Cosper is necessary to this suit.

Country Mutual contends that Cosper is a necessary and indispensable party to this action because the resolution of Sivil's sole-remaining claim for bad faith "rests substantially []on [her] actions, mental state, and testimony."[17]  It argues that its liability "depends entirely" on whether Cosper "misrepresented the policy provisions to" Sivil and whether "an agency relationship is established" between it and Cosper and that, because Cosper cannot be joined for want of

---

[12] *Id.* (cleaned up).

[13] *Id.*

[14] *Id.* (cleaned up).

[15] *Clinton v. Babbitt*, 180 F.3d 1081, 1088 (9th Cir. 1999) ("The moving party has the burden of persuasion in arguing for dismissal.") (citations omitted).

[16] *CP Nat'l. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911–12 (9th Cir. 1991).  Sivil argues that "the district court has discretion to consider the timeliness of such a motion if it appears that the defendant is interposing that motion for its own defensive purposes, rather than [to] protect the absent party's interests."  ECF No. 64 at 9 (quoting *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 896 (9th Cir. 1996)).  Because Country Mutual's argument depends in part on my summary-judgment order, docketed three months before Country Mutual brought the current motion, *see* ECF No. 48; ECF No. 59, I do not deem the motion untimely.

[17] ECF No. 59 at 6.

personal jurisdiction, this whole case must be dismissed.[18] To support its arguments, Country Mutual heavily relies on two cases—*Z & B Enterprises, Inc. v. Tastee-Freez International, Inc.*[19] and *CP National Corp. v. Bonneville Power Administration*[20]—neither of which supports its position.[21]

### A.   *Z & B Enterprises*

Country Mutual bases most of its argument on *Z & B Enterprises*—an unpublished decision from the First Circuit.[22] In *Z & B Enterprises*, the plaintiffs purchased a Tastee-Freez franchise from its former owner, J.F., Inc.[23] The new franchise owners alleged that they were forced to enter a contract with another party, Auspiciadora TF, Inc. (ATF); that JF and ATF forced them into other agreements; that the agreements violated Tastee-Freeze, International's (TFI's) license agreement and federal-government regulations; that TFI, ATF, and JF failed to provide them with required disclosures or support their operation; and that TFI did not fulfill its advertising, training, or promotional obligations.[24] The plaintiffs sued TFI in diversity in federal court, seeking rescission of its contracts with JF and ATF.[25] They asserted that TFI itself was liable under theories of agency or contract ratification, under the indemnity provision of TFI's

---

[18] *Id.* at 5–6.

[19] *Z & B Enters., Inc. v. Tastee-Freez Int'l, Inc.*, 162 F. App'x 16, 17 (1st Cir. 2006).

[20] *CP Nat'l. Corp.*, 928 F.2d 905.

[21] Country Mutual also cites *Candelaria Indus. v. Occidental Petroleum Corp.*, 662 F. Supp. 1002, 1008 (D. Nev. 1984), for the proposition that "if there exists a jurisdictional defect of parties there should be no trial and the action should be dismissed if the deficiency cannot be cured." But I find that case inapposite and unpersuasive.

[22] ECF No. 59 at 7–10.

[23] *Z & B Enters., Inc.*, 162 F. App'x at 17.

[24] *Id.*

[25] *Id.* at 18.

4

license agreement, and because TFI failed to support the franchise or make the required disclosures.[26] They also separately sued ATF and JF, which were non-diverse parties, in a Puerto Rico commonwealth court.[27] In the federal case, TFI moved to dismiss for failure to join indispensable parties ATF and JF, and the district court granted TFI's motion.[28]

The First Circuit affirmed.[29] In doing so, the court found three facts particularly "fruitful" to its analysis.[30] First, as the court explained, "virtually all of the affirmative acts that caused harm to [p]laintiffs were done by ATF or JF."[31] Second, though "[p]laintiffs assert[ed] that TFI [was] liable for the actions of ATF and JF" because they "were acting as agents on behalf of TFI[,]" plaintiffs put forth no "evidence of any agency relationship between" the three entities, and the "[l]icense [a]greement between TFI and JF explicitly state[d] that JF [was] not TFI's agent."[32] Third, because only JF—and not the plaintiffs— "sign[ed] a . . . license agreement with TFI[,]" the plaintiffs could not "invoke the indemnity provision of the contract" to hold TFI liable, and even if it could, "most of the acts causing harm to [p]laintiffs and requiring indemnification were done by ATF and JF."[33]

In light of these facts, the court held that ATF and JF were necessary parties.[34] The court reasoned that it "may not be able to grant complete relief" because the plaintiffs sought

---

[26] *Id.*
[27] *Id.* at 17.
[28] *Id.* at 18.
[29] *Id.* at 22.
[30] *Id.* at 19.
[31] *Id.*
[32] *Id.*
[33] *Id.* at 19–20.
[34] *Id.* at 20.

5

rescission of its contracts with ATF and JF, who would not be bound by the judgment.[35] The court also expressed concern that "TFI could be subject to [an] inconsistent . . . obligation[]" (if the federal court found TFI not liable, but the Puerto Rico court found liable ATF and JF—which could then pursue TFI) or a "double obligation[]" (if both the federal court found TFI liable and the Puerto Rico court found liable JF—which, again, could pursue TFI).[36] So the court deemed ATF and JF necessary to the action but could not join them to the diversity suit because they were non-diverse.[37]

        Country Mutual characterizes the facts of *Z & B Enterprises* as "strikingly similar" to the facts here.[38] To be sure, as Country Mutual argues,[39] its liability turns on Cosper's conduct and the theory that Country Mutual is liable for Cosper's actions in agency.[40] But that's where the similarities to *Z & B Enterprises* end. Though Country Mutual complains that "[c]omplete relief cannot be accorded" under Rule 19(a)(1)(A), it does not explain why that is so.[41] Unlike the *Z & B Enterprises* plaintiffs, Sivil has put forth enough evidence for a jury to infer an agency

---

[35] *Id.*

[36] *Id.*

[37] *Id.* at 20–21. The court then held that ATF and JF could not be joined and were indispensable. Because I find that Country Mutual fails to show that Sivil is necessary, and because Country Mutual addresses the factors that courts must consider in determining whether a party is indispensable in a mostly conclusory fashion, I do not conduct that analysis here. *Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1161–62 (9th Cir. 2002) (discussing the four factors under Rule 19(b)); *see* ECF No. 59 at 10.

[38] ECF No. 59 at 10.

[39] *Id.* at 5–6.

[40] ECF No. 48 at 12.

[41] *Id.* at 10.

relationship and find Country Mutual liable.[42]  And Sivil seeks a remedy this court can provide: money damages against Country Mutual—not rescission of a contract she had with non-parties.[43]

      Country Mutual also fails to show that Rule 19(a)(1)(B) applies under *Z & B Enterprises*. Though it worries about inconsistent verdicts, that Country Mutual might have to "proceed against Cosper" in "a subsequent action in Alaska"[44] does not pose a risk of "double, multiple, or otherwise inconsistent obligations" for this insurer.[45]  In analyzing whether ATF and JF were necessary parties, the court in *Z & B Enterprises* was concerned not with TFI's ability to recover from another potentially liable party—but rather with TFI's potential double liability in state and federal court (or liability in one but not the other) because the plaintiffs sued in both jurisdictions.[46]  But there is no evidence that Sivil has sued Cosper in another jurisdiction.[47]  So, even if *Z & B Enterprises* were controlling, Country Mutual fails to show that Cosper is necessary—let alone indispensable—under that case.

---

[42] *Id.* at 12.

[43] *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983) ("McDonnell does not directly contend that the [g]overnment's absence would preclude the district court from being able to fashion meaningful relief as between the parties, and we discern no reason for so concluding.").

[44] ECF No. 59 at 4.

[45] Fed. R. Civ. Pro. 19(a)(1)(B)(ii).

[46] *Z & B Enters., Inc.*, 162 F. App'x at 20 ("If ATF and JF are necessary parties in this suit, then they are necessary as defendants and not as third-party defendants").  The court did cite the fact that "[t]he absence of ATF and JF could . . . prevent complete relief to the parties" because, "if TFI is liable to [p]laintiffs, ATF and JF could in turn be liable to TFI." *Id.* at 21.  But it did so in its analysis of the third indispensable-party factor—not in the analysis of whether ATF and JF were necessary.  *Id.*

[47] Regardless, Country Mutual fails to show that Cosper has "*claimed* any interest relating to the subject of this action" to trigger either prong of Rule 19(a)(1)(B).  *See Roberts v. City of Fairbanks*, 947 F.3d 1191, 1204 (9th Cir. 2020) (emphasis added).

### B. *CP National*

Country Mutual's reliance on *CP National* is likewise misplaced. It appears to rely on that case for the proposition that "the interests that are being furthered in Rule 19 are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter."[48] But, as Country Mutual acknowledges,[49] the *CP National* court also recognized that "[a]n entity's status as a 'necessary' party is not judged by any prescribed formula" and "can only be determined in the context of particular litigation."[50] And though the court in *CP National* joined a party as necessary,[51] the context of that litigation bears little resemblance to the facts in this case: In *CP National*, energy company CP sought to increase its government subsidy from the Bonneville Power Administration (BPA), a federal agency that provided subsidies to power companies based on each company's costs.[52] The BPA rejected CP's subsidy request because the state public-utilities commission could not determine that the energy company's costs were reasonable.[53] CP appealed that decision to the Federal Energy Regulatory Commission (FERC)—the umbrella federal agency with jurisdiction over the BPA—and FERC upheld the BPA's decision and denied rehearing.[54] CP initiated two separate appeals

---

[48] *CP Nat'l. Corp.*, 928 F.2d at 912. Country Mutual simply pastes a half-page, single-spaced section of the decision with scant explanation of how it supports its position. ECF No. 59 at 6.
[49] ECF No. 59 at 6.
[50] *CP Nat'l. Corp.*, 928 F.2d at 912 (citation omitted).
[51] *Id.*
[52] *Id.* at 906–07.
[53] *Id.* at 906.
[54] *Id.* at 910.

to the Ninth Circuit: the first against the BPA after it rejected the request but before FERC denied rehearing and a second against FERC (and not BPA) after it denied rehearing.[55]

That procedural posture left the Ninth Circuit with a problem. As the Ninth Circuit explained, it lacked jurisdiction over the earlier-filed appeal because, under the relevant statute, the agency action was not final until FERC denied rehearing and thus CP's pre-denial appeal was premature.[56] And even with jurisdiction over the later-filed appeal, the court was unable to "adjudicate th[e] dispute in a thorough and efficient manner" because the BPA was not a party to the second appeal.[57] Without BPA, the court explained, it could not "reach the merits" of one of CP's arguments as the "claim would not lie against FERC alone[,]" and the relevant statute provided for "judicial review . . . of the BPA action . . . and not FERC's."[58] But the Ninth Circuit held that it would "not allow these fortuitous circumstances in the context of these proceedings to prevent [it] from fulfilling [its] duty 'to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in' th[e] proceeding."[59]

The Ninth Circuit's solution: joinder of the BPA under Rule 19(a).[60] The court held that the BPA was "plain[ly] . . . necessary" under that rule because, without it, "th[e] lawsuit might not be *res judicata*" as to one of CP's arguments.[61] That potential absence of claim preclusion would allow CP to separately sue BPA in a "clone of th[e] proceeding"—"result[ing] in

---

[55] *Id.* at 911.
[56] *Id.*
[57] *Id.*
[58] *Id.*
[59] *Id.* at 912.
[60] *Id.* at 911.
[61] *Id.* at 912.

unnecessary and repetitive litigation" that was contrary to Rule 19's goal of "prevent[ing] . . . wasteful litigation."[62] Also, joinder posed "no prejudice to either CP . . . or the BPA[,]" the court added, because the "BPA ha[d] been involved in every step of th[e] consolidated appeal[,]" and the court could treat the BPA's briefs in the first action as its briefs in the second.[63] And the jurisdictional wrinkle arose merely because "CP . . . failed to include the BPA in [the first] action[] and inadvertently filed a premature notice of appeal" in the second.[64] So the court held that the BPA was a "necessary party" to the second action and "joined it as a respondent."[65]

Country Mutual fails to explain how *CP National* is relevant here. Unlike the claim in that case, Sivil's remaining claim does lie with the existing party (Country Mutual) and the court has jurisdiction over it—with or without Cosper. Also, though Sivil "could conceivably sue [Cosper] in a separate action[,]" that action would not be a "clone" of this one,[66] as this case involves evidence related to Cosper's agency theory[67] that would not be necessary in a suit against Cosper. Nor does Country Mutual show that Sivil wouldn't suffer prejudice if the court dismissed her case.[68] Indeed, Sivil would have to litigate in another jurisdiction, likely Alaska, even though she doesn't live there.[69] And Country Mutual's purported problem, unlike the one in *CP National*, did not arise from an inadvertent procedural blunder; it results from Sivil's

---

[62] *Id.*

[63] *Id.*

[64] *Id.*

[65] *Id.*

[66] *Id.*

[67] ECF No. 48 at 12.

[68] *CP Nat'l. Corp.*, 928 F.2d at 912 ("There is no prejudice to either CP National or the BPA by joining the BPA as a party to the action").

[69] The parties appear to dispute where Sivil lives, but neither contends that she lives in Alaska. ECF No. 65 at 4.

intention to sue in Nevada and her continued, expressed desire to litigate here.[70] So *CP National* does not support dismissal in this case.[71]

### III. The court declines to address Country Mutual's request to transfer this case because it failed to properly raise the issue until its reply brief.

Even though Country Mutual's motion is styled as one "for dismissal or transfer[,]"[72] its body seeks dismissal under Rule 12 only; it fails to argue for a § 1404 transfer or address the factors that courts consider in evaluating whether such a transfer is merited.[73] Not until its reply brief did Country Mutual first argue that transfer is appropriate under 28 U.S.C. § 1404.[74] Because Country Mutual raised this argument only in reply—depriving Sivil of an opportunity to respond to it[75]—and failed to bring its transfer request in a separate motion as this court's local rules require,[76] I deny that request without reaching its merits.

---

[70] ECF No. 64 at 25. Also, Country Mutual cites nothing for the proposition that its potential inability to "compel . . . Cosper to appear at trial[,]" ECF No. 59 at 4, renders her necessary or indispensable.

[72] ECF No. 59 at 1.

[73] *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) (noting that in evaluating a motion to transfer venue, a court weighs multiple factors, including "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof").

[74] ECF No. 65 at 4–5.

[75] *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (noting that a "district court need not consider arguments raised for the first time in a reply brief").

[76] L.R. IC 2-2(b) ("For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document.").

## Conclusion

IT IS THEREFORE ORDERED that Country Mutual's motion to dismiss **[ECF No. 59]** **is DENIED** without prejudice to its ability to file a properly supported motion to transfer by March 15, 2023.

_____
U.S. District Judge Jennifer A. Dorsey
February 24, 2023