UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Teresa Sivil, | Case No.: 2:20-cv-00244-JAD-EJY |
| Plaintiff | |
| v. | **Order Granting Motion to Transfer Venue** |
| Country Mutual Insurance Company, | [ECF No. 69] |
| Defendant | |

In 2014, Teresa Sivil entered into an insurance agreement with Country Mutual Insurance Company through its Alaska broker, the Melissa Izzat Insurance Agency, LLC (MIIA) for her home in Eagle River, Alaska.[1] Sivil moved to Nevada in 2017 and contacted MIIA to remove personal-property coverage from the policy.[2] Allegedly without Sivil's knowledge or consent, MIIA representative Tiffanie Cosper also removed coverage for sudden and accidental water damage.[3] When a pipe broke at the Eagle River home the following winter, Sivil submitted a claim to Country Mutual, which quickly denied it, citing the policy modification,[4] so Sivil sued both Country Mutual and Cosper.

I dismissed the claims against Cosper for want of personal jurisdiction[5] and granted summary judgment for Country Mutual on most of Sivil's claims.[6] But one claim remains: Sivil's claim for bad faith against Country Mutual, which is based on the premise that Cosper's

---

[1] ECF No. 49 at ¶ 6.
[2] *Id.* at ¶ 10.
[3] ECF No. 64 at 4.
[4] ECF No. 49 at ¶¶ 15–16.
[5] ECF No. 24.
[6] ECF No. 48.

alleged misrepresentations about the policy can be attributed to Country Mutual under an agency theory.[7]  With Cosper no longer a defendant, Country Mutual later moved to dismiss the case or transfer it to Alaska, arguing that Cosper is an indispensable party.[8]  I denied its motion, reasoning that Country Mutual failed to show that Cosper was necessary to the suit or provide factual or legal support for its transfer request; it addressed the factors that courts consider in deciding transfer motions only in its reply brief.[9]  But I denied the motion without prejudice to Country Mutual's ability to file a properly supported motion to transfer.[10]

        Country Mutual now moves to transfer the case to the District of Alaska, arguing that the circumstances here—primarily that Alaska law applies and the witnesses live in Alaska—recommend a change in venue.[11]  Sivil counters that her choice of forum in Nevada is entitled to deference, Country Mutual strategically slow-walked its request to switch venues, and a transfer so late in the litigation would delay trial because a new judge and Alaska counsel will need to get up to speed.[12]  I find that Alaska is the proper venue to resolve this dispute because the relevant events, law, and witnesses all pertain to Alaska, outweighing Sivil's decision to sue in Nevada and her fairness concerns.  So I grant Country Mutual's motion and transfer this case to the District of Alaska.

---

[7] *Id.* at 9–13.
[8] ECF No. 59 at 1.
[9] ECF No. 66.
[10] *Id.* at 12.
[11] ECF No. 67 at 5–6.
[12] ECF No. 70.

## Discussion

**A.  Transfer is appropriate if, under the relevant factors, it conveniences the parties and witnesses and is in the interest of justice.**

28 U.S.C. § 1404(a) authorizes district courts to transfer a case that has been brought in an improper venue "for the convenience of parties and witnesses[] [and] in the interest of justice" to any other district "where it might have been brought."[13]  A suit "might have been brought" in a district where the "plaintiff has a right to sue . . . , independently of the wishes of the defendant."[14]  As Sivil concedes that she could have sued in the District of Alaska,[15] the decision to transfer depends on whether doing so promotes convenience for the parties and witnesses and is in the interest of justice.

Transfer decisions lie within the district court's discretion and require an "individualized, case-by-case consideration of convenience and fairness."[16]  This analysis requires the court to weigh multiple factors, like, (1) the location where the relevant agreements were negotiated and executed, (2) which state is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-

---

[13] 28 U.S.C. § 1404(a).

[14] *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) (quotation omitted).

[15] ECF No. 70 at 8.

[16] *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citation omitted).

party witnesses, and (8) the ease of access to sources of proof.[17]  Courts also consider how long the case has been pending before them in deciding whether to transfer.[18]

**B.     These factors balance in favor of transfer because the dispute flows from Alaska.[19]**

Sivil argues that I should defer to her choice of forum and keep this case in Nevada.[20] Though courts typically give significant weight to a plaintiff's venue selection,[21] that choice is entitled to only "minimal consideration" if the "operative facts have not occurred within the forum and the forum has no interest in the parties or the subject matter."[22]  Contrary to Sivil's assertions,[23] Nevada's connections and interest in this case are slim: she spoke with Cosper about the policy change while living in Nevada, and she recently moved back here after a two-

---

[17] *Id.* at 498–99.

[18] *See Allen v. Scribner*, 812 F.2d 426, 436 (9th Cir. 1987) (upholding a district court's decision not to transfer a case for the convenience of witnesses in part because the case had been pending for three years, a transfer might delay the proceedings, and the bulk of operative facts occurred in that district).

[19] Three of the factors—the parties' contacts, the costs of litigation, and access to proof—favor neither party.  Sivil lives in Nevada but owns the subject property in Alaska, and Country Mutual conducts business in both states. ECF No. 49 at ¶ 6; ECF No. 69 at 5.  Most of the potential trial witnesses—but not Sivil—live in Alaska, but the parties might have to secure Alaska counsel, so any disparity in litigation costs seems insignificant.  ECF No. 69-3; ECF No. 69-5.  Other than the witnesses, the vast majority of the evidence appears to be electronic documents, which can be accessed just as easily in either state.

[20] ECF No. 70 at 8–9.

[21] *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.").

[22] *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (citing *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968)).  *See also Saleh v. Titan Corp.*, 361 F.Supp.2d 1152, 1157–58 (S.D. Cal. 2005) (collecting cases) ("Numerous courts have given less deference to the plaintiff's choice of forum where the action has little connection with the chosen forum.").

[23] ECF No. 70 at 9.

year stint in North Carolina.[24] So, while the choice-of-forum factor favors Sivil, it does so only modestly.

On the other side of the scale sit the rest of the factors, which weigh in favor of transfer. Indeed, the parties negotiated and executed Sivil's insurance policy in Alaska,[25] it covers an Alaskan property,[26] and Cosper processed the coverage changes and made the alleged misrepresentations from Alaska.[27] Also, I have already held that the dispute is governed by the law of Alaska,[28] whose courts will be most familiar with interpreting its state's law. And an Alaska court can compel the bulk of the non-party witnesses to testify, as they live in Alaska[29]— well outside of the 100-mile reach of this Nevada court's subpoena power.[30] In light of this case's overwhelming links to Alaska, I find that transferring it will promote convenience and justice.

### C. Country Mutual's delay doesn't alter the analysis because the vast majority of witnesses live in Alaska.

Sivil contends that her case should remain in Nevada because Country Mutual could have moved to transfer it to Alaska earlier in the litigation and did so only after I dismissed the claims against Cosper, an Alaska resident, for lack of personal jurisdiction.[31] She also argues that transferring the case after more than three years and with discovery complete will only delay trial

---

[24] ECF No. 78 at ¶¶ 4–6.
[25] ECF No. 49 at ¶¶ 6–7.
[26] *Id.*
[27] ECF No. 69-4 at 5–6.
[28] ECF No. 48 at 6–9.
[29] ECF No. 69-3; ECF No. 69-5.
[30] Fed. R. Civ. P. 45(c)(1)(A).
[31] ECF No. 70 at 5–7.

5

because a new judge and new counsel in Alaska will have to learn the legal and factual issues in the case.[32]  To support this argument, she relies on *Wells Fargo Bank, N.A. v. LaSalle Bank National Association*, a District of Nevada case in which the judge denied a motion to transfer a three-year-old matter.[33]  But, whereas the *Wells Fargo* court reasoned that transfer was improper in part because the parties already stipulated to a trial date and the transfer would inconvenience the non-party witnesses,[34] the same is not true here.  Rather, no trial date is set, and the only non-party witness who would be inconvenienced by the transfer is Sivil's husband.[35]

     *Eye Laser Care Center, LLC v. MDTV Medical News Now, Inc.*, a Southern District of California case, is more analogous to the facts here.  In *Eye Laser Care Center*, the court transferred a three-year-old case with substantive motion practice concluded but no trial date set, reasoning that, "[b]ecause the trial of this case will depend heavily on the testimony of witnesses[,] . . . transfer to a district where witnesses reside will likely reduce the delay associated with trial."[36]  I find *Eye Laser Care Center* persuasive, adopt its reasoning, and conclude that the convenience and efficiency gains from this case being situated where the witnesses live offset any potential delay caused by transfer to Alaska.  So, because the other considerations favor transfer, I grant Country Mutual's motion.

---

[32] *Id.*  This case has been pending before this court since February 2020, approximately three and a half years.  *See* ECF No. 1.

[33] ECF No. 76 at 5–7; *Wells Fargo Bank, N.A. v. LaSalle Bank Nat'l Ass'n*, 2011 WL 13248287, at *2 (D. Nev. Sept. 28, 2011).

[34] *Id.*

[35] *See* ECF No. 69-3.

[36] *Eye Laser Care Ctr., LLC v. MDTV Med. News Now, Inc.*, 2007 WL 2873782, at *2 (S.D. Cal. Sept. 28, 2007).

**Conclusion**

IT IS THEREFORE ORDERED that Country Mutual's motion to transfer venue under 28 U.S.C. § 1404(a) **[ECF No. 67] is GRANTED**.

The Clerk of the Court is instructed to **TRANSFER** the remaining portions of this case to the United States District Court for the District of Alaska and **CLOSE THIS MATTER**.

_____
U.S. District Judge Jennifer A. Dorsey
July 27, 2023